# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JEFFREY MARK CALDWELL, INMATE NO. 0843057,      Plaintiff, | :    PRISONER CIVIL RIGHTS <br> :    42 U.S.C. § 1983 <br> : <br> :    CIVIL ACTION NO. |
| v. | :    1:09-CV-2536-TCB <br> : |
| JOHN GIBSON; MYRON FREEMAN; FULTON COUNTY BOARD OF COMMISSIONERS; KAREN HANDEL; CHAIRPERSON BOB PITTS; EMMA I. DARNELL; WILLIAM EDWARDS; TOM LOWE; and NANCY BOXILL,      Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## ORDER AND OPINION

Plaintiff has submitted the instant pro se civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity determination.

I.    The Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is either:

(1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Ashcroft v. Iqball, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (more than merely "conceivable," the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the

plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations).

II. Discussion

This action concerns allegations Plaintiff raised in a previous civil rights complaint. Caldwell v. Fulton County Jail, Civil Action No. 1:09-CV-2288-TCB. In that action, Plaintiff made the following allegations: (1) starting on October 24, 2004, and lasting four days, a portion of the interior of the Fulton County Jail was painted; (2) he and eight others being held at the jail received a shot to counteract the effects of the fumes; (3) he continued to suffer health problems after the painting was completed; (4) in August, 2007, he had surgery to remove glands from his throat to help him breathe and swallow properly; (5) he believes the exposure to the paint fumes has caused him his health problems; and (6) he contends that the exposure to the paint fumes and consequential health problems constitutes cruel and unusual punishment. Id., Doc. 1 at ¶ IV. As relief, Plaintiff sought, and apparently still seeks, $8,000,000.00 in damages and to have the balance of his probation violation sentence eliminated. Id., Doc. 1 at ¶ V.

The previous action was dismissed due to Plaintiff's failure to name a proper defendant. Id., Docs. 3 and 4. In this action, Plaintiff names Acting Chief Jail Administrator John Gibson, former Fulton County Sheriff Myron Freeman, and members of the Fulton County Board of Commissioners as Defendants.[1] (Doc. 1 at 1.)

This Court construes Plaintiff's allegations as a claim that Defendants were deliberately indifferent to his safety. An inmate's Eighth Amendment rights are violated when prison officials act with deliberate indifference with regard to an inmate's safety. Id. at 828. A prison official violates this standard when two conditions are met. First, the alleged danger must, viewed objectively, be considered sufficiently serious. Id. at 834. Second, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. The known risk of injury must be "a strong likelihood, rather than a mere possibility." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990). Put another way, a "generalized awareness of risk . . . does not satisfy the subjective awareness requirement."

---

[1] Plaintiff alleges that this Court gave him permission to re-file the "first page of my [] complaint." (Doc. 1 at 2.) The record does not support Plaintiff's claim. Nonetheless, the merits of Plaintiff's allegations will be reviewed.

4

Carter v. Galloway, 352 F.3d 1346, 1350 (11th Cir. 2003) (internal quotation omitted). Even "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation," does not demonstrate deliberate indifference. Farmer, 511 U.S. at 838.

Here, Plaintiff has only offered his subjective conclusion that the four days of being exposed to paint fumes resulted in long-term health problems. Putting aside the plausibility of Plaintiff's claim, he has failed to allege any facts suggesting that the named Defendants were subjectively aware of a significant risk of health problems to those exposed to the paint fumes. Absent such allegations, Plaintiff has failed to state an actionable claim under § 1983. See Gill v. Mooney, 824 F.2d 192, 195 (2d Cir. 1987) (guard's decision to ignore inmate's complaint of dizziness from paint fumes and ordering him to stay on the ladder and continue painting "amounted to nothing more than a mere negligent act, which is not a violation of either the Fourteenth Amendment or the Eighth Amendment") (internal citation omitted); see also Bolin v. Story, 225 F.3d 1234, 1243 (11th Cir. 2000) (district court correctly dismissed § 1983 claims for failure to assert any specific misconduct against IRS agent); Beck v. Interstate Brands Corp., 953 F.2d

1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

III. Conclusion

**IT IS ORDERED** that this pro se civil rights complaint [Doc. 1] is **DISMISSED**, pursuant to 28 U.S.C. § 1915A. For the purpose of dismissal only, Plaintiff's is **GRANTED** leave to file this action in forma pauperis.

**IT IS SO ORDERED**, this 28th day of September, 2009.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)